UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID JUNIOR SMITH,<br><br>             Plaintiff,<br><br>      v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>             Defendants. | Case No.: 1:24-cv-00791-JLT-SKO<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 27) |

Plaintiff David Junior Smith, a civil detainee, is appearing pro se and *in forma pauperis* in this civil rights action.

## I.      INTRODUCTION

On February 6, 2026, Plaintiff filed a Request for Appointment of Counsel.[1] (Doc. 27.) He states he has intellectual disabilities and "low reading and comprehension scores," that defense counsel "stated she is proceeding on with discovery" and "the key here is discovery in evaluating this situation" because he cannot "fully comprehend" the discovery requests, the legal issues are complex, and that another patient "has reached out to a law firm and attorney he knows [and] the attorney stated that, if the court will appoint counsel and appoint her, she would take the appointment and represent" him. (*Id*. at 3-4.) Plaintiff asks the Court to appoint Robyn Fass Wang

---

[1] To the extent Plaintiff's motion references Defendants' pending motion to dismiss and the merits its arguments, Plaintiff's assertions were not considered for purposes of this determination.

to represent him in this action, or, alternatively, to appoint Ms. Wang "for the limited purpose of discovery and/or similarly appoint another attorney the court can find." (*Id*. at 5.) Plaintiff's motion is supported by his declaration and the Declaration of Thomas Bodnar. (*Id*. at 6-8.)

## II.    DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, following screening, the Court found Plaintiff's complaint stated cognizable Fourteenth Amendment due process claims. Following service, Defendants Clendenin and Price filed a motion to dismiss the complaint, arguing Plaintiff did not exhaust his administrative remedies. That motion is fully briefed, and the undersigned will issue findings and recommendations in due course.[2] Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature.[3]

---

[2] This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads and delays are inevitable.

[3] Even assuming Plaintiff's assertion that similar actions filed by civil detainees have survived motions to dismiss (*see* Doc. 27 at 2-3) is accurate, those determinations are not an indication that Plaintiff is likely to succeed on the merits of his claims. *See, e.g.*, *Ashelman v. Ogle*, No. C09-5389-BHS-KLS, 2009 WL 4823845, at *3 (W.D. Wash. Dec. 10, 2009) (denying motion for appointment of counsel where plaintiff failed to show likelihood of success on the merits beyond conclusory allegation that his case had merit).

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. This action proceeds on Plaintiff's Fourteenth Amendment due process claims. Such claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Sekona v. Custino*, No. 2:16-CV-0517-JAM-DMC-P, 2021 WL 5165804, at *1 (E.D. Cal. Nov. 5, 2021) ("the claims raised—an Eighth Amendment safety claim and a due process claim—are not complex legally or factually"); *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct. 1, 2018) ("Plaintiff's claims - - for retaliation, due process, and failure to protect Plaintiff - - are not complex"); *Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL 130273, at *3 (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of excessive force, discrimination, and denial of due process at a disciplinary hearing—are not complex").

Plaintiff states some of the questions in Defendants' discovery "are too difficult" and ask him to "think of stuff [he does] not understand." (Doc. 27 at 6.) He is frustrated and does "not know what to do." (*Id.*) He indicates he "will be responding to the discovery and answering the requests" he think he can answer. (*Id.*) Plaintiff states he intends to supplement his responses "later after this court rules" on the instant motion, and if it is denied, he will do his best and hope he does not "answer in a way that gets [his] complaint dismissed." (*Id.*) Mr. Bodnar declares he assisted Plaintiff by "drafting things for him, then read them to him and told him if he likes it, to then mail it." (*Id.* at 7.) When Bodnar read "some of the questions [and] some of the terms" to Plaintiff, he struggled "to come up with an answer." (*Id.*) Bodnar states "these are complex questions and not just simple questions [Plaintiff] can answer yes or no to." (*Id.*) Plaintiff was frustrated. (*Id.*) In Bodnar's opinion, Plaintiff "needs an attorney who can act and respond on his behalf." (*Id.*)

While the Court is sympathetic to Plaintiff's limitations and frustration, his intellectual disabilities do not amount to exceptional circumstances warranting the appointment of counsel.

3

Many pro se litigants have similar limitations—and are also required to answer discovery requests that ask challenging questions—but those limitations do not require the appointment of counsel. *See, e.g.*, *Hernandez v. Faulkner*, No. 3:24-CV-00278-ART-CLB, 2026 WL 257440 (D. Nev. Jan. 30, 2026) ("other courts agree that a limited ability to speak and read English is not a basis, on its own, to appoint counsel"); *Allen v. Lopez*, No. No. 1:19-cv-00154-BAM (PC), 2019 WL 2075881, at *1 (denying counsel where "there is no indication from the record that Plaintiff has been unable to adequately articulate his claims—whether alone or with inmate assistance"); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Nguyen v. Bartos*, No. 2:10-CV-1461-WBS-KJN, 2012 WL 3589797, at *1-2 (E.D. Cal. Aug. 20, 2012) (denying motion for counsel notwithstanding plaintiff's allegations of limited understanding of English, inability to read and write English and lack of understanding of the law, because "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action"); *McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009) (an incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence); *see also Sims v. Gernetzke*, No. 21-cv-210-pp, 2022 WL 1443070, at *2 (E.D. Wis. May 6, 2022) (denying counsel and noting the "test results the plaintiff provided to the court may demonstrate that he is not a great reader, but they do not show that he can't read or write. It sounds like the plaintiff has had a fellow inmate helping him up to this point, and the court understands that the plaintiff may be worried about whether he—a person without any special knowledge of the law and who has some trouble with reading—will be able to figure out what to do"); *Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence").

Plaintiff's assertions concerning ongoing discovery are not an exceptional circumstance

4

warranting the appointment of counsel. *See, e.g., Racy v. Arkansas Child Support Enforcement Unit, Revenue Div.*, 251 Fed. Appx. 375 (8th Cir. 2007) (concluding district court did not abuse its discretion in denying counsel where Racy alleged "she could not, without counsel, respond properly to defendant's discovery requests"). Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same).

Finally, while the Court appreciates Plaintiff's efforts to secure counsel, as explained above, the Court does not find exceptional circumstances warranting the appointment of counsel in this action. *Bonin*, 999 F.2d at 428-29; *see also Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel").

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel (Doc. 27) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 13, 2026**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE