UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JUNIOR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>Defendants. | Case No.: 1:24-cv-00791-JLT-SKO<br><br>**ORDER RE DEFENDANTS' EX PARTE APPLICATION TO MODIFY THE DISPOSITIVE MOTION FILING DEADLINE**<br><br>(Doc. 31)<br><br>**ORDER RE PLAINTIFF'S REQUEST TO MODIFY THE DEADLINE FOR THE COMPLETION OF ALL DISCOVERY**<br><br>(Doc. 29) |

Plaintiff David Junior Smith, a civil detainee, is appearing pro se and *in forma pauperis* in this civil rights action.

## I.     INTRODUCTION

On October 1, 2025, this Court issued its Discovery and Scheduling Order. (Doc. 23.) The deadline for completing discovery was set for March 1, 2026, and the deadline for filing dispositive motions was set for May 4, 2026. (*Id*. at 1, 3.)

On December 29, 2025, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rules 12(b)(6) or 12(c) of the Federal Rules of Civil Procedure alleging Plaintiff failed to exhaust his available administrative remedies. (Doc. 24.) Plaintiff filed an opposition (Doc. 25), and Defendants filed a reply (Doc. 26). The motion is pending resolution by the Court.

On March 16, 2026, Plaintiff filed a "Request to Amend the Discovery and Scheduling Order [and] Request to Propound Additional Admission." (Doc. 29.) Plaintiff requests "the court amend the discovery deadline cutoff out to September 1, 2026." (*Id*. at 4.)

On April 10, 2026, Defendants filed Defendants' Unopposed Ex Parte Application to Extend the Dispositive Motion Deadline. (Doc. 31.)

**II.      DISCUSSION**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

The Court has reviewed Plaintiff's request to modify the discovery deadline and Defendants' ex parte application to extend the dispositive motion deadline. The Court finds good cause to modify the scheduling order concerning the dispositive motion filing deadline. Defendants' request is timely, their motion to dismiss remains pending on the Court's docket, and may, as Defendants assert, "dispose of Plaintiff's claims in whole or substantially narrow the case." The Court, however, does not find good cause to modify the scheduling order.

As the parties were advised in the October 2025 scheduling order, "[a] request for an extension of any deadline set in this order must be filed two weeks before it expires. **The deadlines set forth above are firm and will only be extended upon a showing of good cause**." (Doc. 23 at 3, emphasis in original.) Therefore, Plaintiff should have sought to extend the March 1, 2026, deadline in mid-February. Because the request or motion was dated and served March 12, 2026, it is untimely. To the extent Plaintiff's request or motion for additional requests for admissions is granted, the Court will set a deadline for completion of that limited discovery, if appropriate. If Plaintiff's request or motion for additional requests for admissions is denied, the issue will be moot and all discovery will remain closed.

In sum, the scheduling order is vacated pending resolution of both motions. More

2

specifically, the Court will vacate the deadline for the filing of dispositive motions and reset the deadline, if necessary, pending final resolution of Defendants' motion. As noted above, the Court will address any deadline concerning additional requests for admissions, if necessary, when it issues its order on Plaintiff's request or motion.

###    III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that the Discovery and Scheduling Order issued October 1, 2025 (Doc. 23) is **VACATED**.

IT IS SO ORDERED.

Dated:    **April 17, 2026**                            /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

3